IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM WATSON                                                                                    PLAINTIFF
ADC #135660

V.                                    NO.  4:07cv00089 WRW-JWC

C. THOMAS, et al                                                                               DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I.  Instructions**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## II. Recommended Disposition

On February 16, 2007, Plaintiff, a pro se inmate who at the time was confined to the North Central Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

A majority of Plaintiff's complaint was too vague to enable the Court to determine whether it was frivolous or failed to state a claim for relief under § 1915A. Specifically, he had failed to allege a constitutional claim against Defendants Rose, Morris, and McCray. For this reason, by order entered March 20, 2007 (docket entry #3), Plaintiff was given thirty days to amend his complaint to specifically state: 1) how Defendants Rose, Morris, and McCray were personally involved in the actions of which he complained; 2) how Defendants Rose, Morris, and McCray violated his constitutional rights; and 3) an explanation of how Defendants' (Rose, Morris, and McCray) actions allegedly caused him

harm. In addition, Plaintiff had submitted his complaint to the Court unsigned. The Clerk of the Court was therefore directed to return page 5 of the complaint to Plaintiff to sign, date, and return.

On May 8, 2007, Plaintiff filed a notice of change of address indicating that he had been transferred to a work release unit (see docket entry #5). By order entered May 17, 2007 (docket entry #6), the Clerk of the Court was directed to forward to Plaintiff at his new address in Benton, Arkansas, a copy of docket entry #3. Plaintiff was given an additional thirty days to sign and date page 5 of his complaint as well as to file an amended complaint that contained the information requested in the Court's March 20, 2007, order. Plaintiff's response was due on June 18, 2007. In addition, Plaintiff was advised, for the second time, that his failure to make a timely and complete response to the Court's March 20, 2007, order would result in the recommended dismissal of his case without prejudice.

The Court's May 17, 2007, order has not been returned and no responsive filing has been received from Plaintiff. Furthermore, the Clerk has certified that a copy of the order was mailed to him personally on May 17, 2007, at his last given address at the Benton Work Release Unit (see docket entry #7). Under these circumstances, this case should be dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with

prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); <u>Garrison v. Int'l Paper Co</u>., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2.  Any PENDING MOTIONS should be DENIED AS MOOT.

3.  The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

4.  This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 5th day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.